J-S19002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JULIUS MATHIS | |
| Appellant | No. 3308 EDA 2013 |

Appeal from the Judgment of Sentence entered October 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006317-2012

BEFORE:  STABILE, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JUNE 23, 2015**

Appellant, Julius Mathis, appeals from the October 17, 2013 judgment of sentence imposing two to four years of incarceration followed by three years of probation for carrying a firearm without a license (18 Pa.C.S.A. § 6106(a)(1)) and a concurrent five years of reporting probation for carrying a firearm on a public street in Philadelphia (18 Pa.C.S.A. § 6108).  We affirm.

A jury convicted Appellant of the aforementioned offenses, in addition to possession of an instrument of crime (18 Pa.C.S.A. § 907), after a trial that commenced on July 29, 2013 and concluded on August 5, 2013. Appellant filed a post-verdict motion on August 8, 2013.  The trial court imposed sentence on October 17, 2013.  At the sentencing hearing, the Appellant sought to argue the issues set forth in his post-verdict motion, but

the sentencing court advised that it would treat Appellant's arguments as a post-sentence motion rather than a motion for extraordinary relief.[1] The court scheduled a hearing on the post-sentence motion for November 12, 2013 and then continued it to November 26, 2013 because Appellant was not brought down for the November 13, 2013 hearing. At the conclusion of the November 26, 2013 hearing, the trial court denied relief. Appellant filed his notice of appeal the same day.[2]

Appellant raises four issues for our review:

1. Was the evidence insufficient as a matter of law to support Appellant's conviction for carrying a firearm without a license, where it failed to establish beyond a reasonable doubt that Appellant at any time carried a gun that met the Uniform Firearms Act's definition of a firearm concealed on his person or in a vehicle?

2. Was the verdict against the weight of the evidence?

3. Did the lower court erroneously admitted [sic] into evidence an unrelated federal or state investigation or prosecution?

4. Did the lower court erroneously introduce evidence when, in closing argument, the Commonwealth introduced portions of the 911 tapes that were not introduced into evidence?

_____

[1] *See* Pa.R.Crim.P. 704(B).

[2] This procedural history is unusual in that Appellant never filed a motion after the sentencing hearing and his notice of appeal post-dates the judgment of sentence by more than thirty days. This Court's jurisdiction lapses when the trial court advises a defendant, per Pa.R.Crim.P. 704(C)(3)(a), of the deadlines for filing a post-sentence motion and/or notice of appeal and the defendant fails to comply. Here, Appellant followed the sentencing court's prescribed procedure. We therefore have jurisdiction over this appeal.

J-S19002-15

Appellant's Brief at 11.[3]  We will address these issues in turn.

Our standard for reviewing a sufficiency of the evidence challenge is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Vargas*, 108 A.3d 858, 867-868 (Pa. Super. 2014).

Section 6106(a)(1) of the Crimes Code prohibits concealed carry of a firearm without a license.  18 Pa.C.S.A. § 6106(a)(1).  Section 6108 prohibits

_____

[3]  We note with disapproval that Appellant's first question only encompasses § 6106(a), but his argument challenges the sufficiency of the evidence in support of all three of his convictions.  The Rules of Appellate Procedure provide that "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."  Pa.R.A.P. 2116(a).  Since Appellant included all of these issues in his Pa.R.A.P. 1925(b) statement and the trial court issued an opinion on them, Appellant's omission has not hampered our review and we will not find waiver.

carrying a firearm on public streets or property in Philadelphia without a license or license exemption.

Appellant argues the evidence is insufficient because (1) the Commonwealth did not prove Appellant possessed a gun; the perpetrator used a .380 caliber weapon and police did not recover a .380 caliber weapon from his home; (2) no evidence establishes the weapon involved had a barrel length less than 15 inches as per § 6102 of the Crimes Code; and (3) no evidence establishes Appellant carried a firearm, concealed or otherwise, anywhere outside of the victim's residence.

The trial court summarized the pertinent facts as follows:

> At approximately 12:00 a.m. on April 29, 2012, [Appellant] went to victim Tyreik Robinson's residence at 2019 South Opal Street, Philadelphia. Upon entering, [Appellant] and victim immediately began fighting. [Appellant] rushed the victim, pushed him onto a couch and held him down. A 'pop' gunshot sounded. This was a 'warning shot,' [Appellant] cautioned the victim. The defendant threatened to 'come back and put one in the victim's head.' The defendant fled.

> At the crime scene, the police observed a bullet hole in a couch pillow, a bullet hole penetrating the couch, and a bullet fragment on the floor. Forensics determined that the bullet fragment was most likely from either a .380 or 9mm caliber weapon.

> Police executed a search warrant at [Appellant's] residence in Lebanon County, Pennsylvania, where detectives recovered two firearms from the ceiling of [Appellant's] living room: a .22 caliber Smith & Wesson handgun and a .25 caliber Raven Arms handgun. The police also found ammunition in the kitchen

- 4 -

pantry, including a box of .380 caliber bullets and a .380 magazine.

Trial Court Opinion, 7/21/14, part B.[4]

Appellant first asserts the evidence is insufficient because police did not recover a .380 caliber firearm at his home. This fact does not render the evidence insufficient. As the trial court noted, several eyewitnesses observed Appellant enter the victim's home and begin a scuffle with the victim. The victim's police statement indicates that he and Appellant fought, Appellant fired a warning shot, and Appellant threatened to come back and shoot the victim in the head.[5] N.T. Trial, 8/1/13, at 88-89. Police found a bullet hole in the victim's couch and floor. The Commonwealth's expert testified that police recovered a bullet fragment from the victim's living room floor consistent with .380 caliber ammunition.[6] Police recovered a functioning .380 magazine from Appellant's home. In other words, the record contains ample evidence from which the jury could infer that Appellant possessed a .380 caliber firearm during the commission of the crime even though police did not find him in possession of one.

_____

[4] The opinion is not paginated.

[5] The victim changed his testimony at trial. The change in testimony is not pertinent to our sufficiency of the evidence analysis.

[6] The expert believed the fragment more likely to be a .380 than a .9 millimeter bullet. N.T. Trial, 8/2/13, at 79.

Next, Appellant asserts that the Commonwealth failed to produce sufficient evidence of the firearm's barrel length. Section 6102 of the Crimes Code defines a firearm as a pistol or revolver with a barrel length of less than 15 inches. 18 Pa.C.S.A. § 6102. Appellant's assertion flatly contradicts the record. Though the Commonwealth did not recover the actual firearm used in the offense, the Commonwealth's expert showed the jury an example of a Smith and Wesson .380 handgun that would have fired the type of round recovered from the victim's living room and would have fit the magazine recovered from Appellant's home. The expert testified the barrel was 2½ to 3 inches long. N.T. Trial, 8/2/13, at 90-91.

Next, Appellant asserts the evidence is insufficient because the Commonwealth failed to prove he possessed a firearm anywhere other than inside the victim's house. In other words, Appellant asserts the record contains no evidence he carried a concealed weapon or that he carried a weapon on the streets of Philadelphia.

In **Commonwealth v. Nickol**, 381 A.2d 873, 876-77 (Pa. 1973), an eyewitness watched the defendant enter and exit the grocery store he robbed. She did not see the defendant in possession of a gun. **Id.** Other witnesses observed the defendant brandishing a gun inside the grocery store. **Id.** The Supreme Court held this evidence gave rise to a permissible inference the defendant concealed the gun. **Id.**

We find **Nickol** to be directly on point. **Nickol** illustrates that Appellant's argument ignores the distinction between direct and circumstantial evidence, either of which is sufficient to support a conviction. Here, as in **Nickol**, direct evidence confirms Appellant used a firearm during commission of the offense. Eyewitness testimony confirms that Appellant entered the victim's home, produced a weapon, and fired a warning shot. Nothing in the record indicates Appellant picked the firearm up inside the victim's home or that he did not take the weapon with him when he left. The jury could reasonably infer Appellant carried the firearm to the victim's home and took it with him when he left. The record contains more than sufficient evidence to prove Appellant carried a firearm on the streets of Philadelphia.[7]

The same argument applies with respect to concealment. The victim's mother did not see anything in Appellant's hands when he entered the home. N.T. Trial,. 7/31/13, at 71. Likewise, she did not see "anything unusual on his person." **Id.** at 72. She observed Appellant leave the home, walk to a motor vehicle and depart from the scene, but did not report observing a gun in Appellant's possession. **Id.** at 81. Nonetheless, the victim stated Appellant fired a warning shot in the victim's living room. Pursuant to **Nickol**, the jury was permitted to infer that Appellant concealed

_____

[7] Appellant stipulated he was not licensed to carry a firearm. N.T. Trial, 8/2/13, at 116.

a weapon on his person before he entered the scene of the crime and used it. Appellant's sufficiency of the evidence arguments lack merit.

Appellant's second assertion of error is that the jury's verdict was against the weight of the evidence. Appellant included this issue in his statement of the questions involved, but he abandoned it in the argument section of his brief. Appellant divided the argument of his brief into three sections, corresponding to his first, third and fourth questions. Since Appellant has failed to include any argument in support of his weight of the evidence challenge, we deem the issue waived. Pa.R.A.P. 2119; **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010).

Next, Appellant argues the trial court erred in admitting evidence from the search of Appellant's home in Lebanon County.[8] Appellant argues this evidence permitted the jury to draw an improper inference of his possession of a firearm in the city of Philadelphia. Appellant argues the Commonwealth relied upon evidence culled from his Lebanon County home to atone for the Commonwealths' inability to prove that he possessed a firearm in Philadelphia. The premise of this argument is fatally flawed. We have already explained that the victim's mother's eyewitness testimony created a

_____

[8] We note with disapproval that Appellant fails to support this argument with citation to the record or pertinent legal authority, in violation of Pa.R.A.P. 2119(b) and (c).

permissible inference that Appellant was in possession of a concealed weapon before he arrived at the crime scene in Philadelphia. The evidence culled from the search of Appellant's home was unnecessary to support that inference.

In his final argument, Appellant claims the trial court erred in permitting the Commonwealth to play during its closing argument portions of a 911 recording the Commonwealth never played during trial. Appellant concedes he failed to offer a timely objection during the closing argument,[9] and therefore waived this argument pursuant to Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellant's Brief at 25. He nonetheless argues the trial court should have issued a corrective jury instruction *sua sponte*. ***Id.*** at 25-26. Since Rule 302 clearly puts the onus on the litigant, rather than the trial court, Appellant's argument lacks merit. Appellant has waived this argument.

In summary, we have concluded that Appellant is not entitled to relief on any of his arguments. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[9] Appellant also did not object to the admission into evidence of the 911 recording.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/23/2015</u>